[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to replevy a 1964 Caterpillar bulldozer and other personal property of plaintiff in defendant's possession, to which defendant asserted defenses of set-off and accord and satisfaction and counterclaimed for money due him from plaintiff. At a prior hearing, the prejudgement remedy of replevin was denied, and the complaint and counterclaim were tried to the court.
At trial, plaintiff testified that he hired defendant to assist him in building a restaurant and store on his property in Branford, to be paid $100.00 cash per day. He further testified that defendant began work with him in May of 1998 and left the job on September 22, 1998. He testified that he paid plaintiff in cash weekly for the days he worked the prior week plus reimbursement for supplies and/or expenses. With respect to the bulldozer, plaintiff testified that he and defendant had both a friendship and a working relationship, and that he had loaned the defendant the bulldozer to use on defendant's farm in August of 1998, but that he was not allowed to retrieve it when he went to pick it up in June of 1999. He valued the bulldozer at $5000. CT Page 3793
Defendant testified that the terms of their oral agreement were that plaintiff was to pay him $20.00 per hour for time spent on the construction job, payable $100.00 cash per day during the construction period, with the balance to be paid after the business opened. He further claimed that the bulldozer was lent to him as collateral against the unpaid balance due for his services. Defendant offered his records to show the hours he worked and amounts he was paid, claiming a balance due of $11,140.00, for which he was willing to keep the bulldozer as an accord and satisfaction.
It is interesting to note that both parties' records show that plaintiff paid defendant $13,700.00, but even though both parties claim to have made their records contemporaneously, the amounts and dates of payment do not otherwise agree except as to the total amount paid. Plaintiff testified that the job was not getting done to his satisfaction, that although defendant had worked long and hard hours in the beginning, the job was dragging as it approached the targeted completion date, that defendant stopped showing up regularly and that he discharged defendant with a final cash payment of $700.00 on September 22, 1998.
Defendant's records show that he worked continuously on the project through early September, when he also took on a paving project with another party and worked both jobs until the Certificate of Occupancy was issued for the restaurant in October and that the last payment he received was $2000.00 cash on October 26. He claimed he was entitled to keep the bulldozer as collateral when plaintiff refused to pay the alleged remaining balance due.
Since this was an oral agreement between the parties with payment in cash and each party keeping their own records, the court must decide the case based on whether or not each party has met its burden of proof. Plaintiff's ownership of the bulldozer and other property was not disputed; the issue is whether or not defendant is entitled to retain the bulldozer as a set-off or as an accord and satisfaction.
By way of counterclaim and set-off, defendant has failed to sustain his burden of proof as to the amount claimed due. His own records show regular weekly payments of $500.00 to 700.00 per week cash up until he started working a second job and then a lump sum payment after the restaurant opened. CT Page 3794
As to accord and satisfaction, the defendant has failed to meet his burden of proof. There clearly was no meeting of minds or agreement reached between the parties that the bulldozer and other property could be retained as satisfaction for the debt. The debt itself is and was disputed. No documents or writings exist sufficient to make the bulldozer collateral for money claimed due.
Accordingly, defendant has failed to establish by a fair preponderance of the evidence the allegations of his counterclaim and set-off, and judgment of replevin will enter for the plaintiff on the complaint and judgment for plaintiff on the counterclaim, without costs. Plaintiff shall bear the expenses of replevying the bulldozer, bluestone and custom sign in accordance with his testimony as to his agreement with defendant.
So ordered
SEQUINO, J.